UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ORPHIA WILSON, : |
|     Plaintiff, : |
| : |
| v. : Civil Action No. 3:09-cv-620 (CFD) |
| : |
| DEUTSCHE BANK NATIONAL TRUST CO., : |
|     Defendant. : |
| : |

## RULING ON BANKRUPTCY APPEAL

This case arises out of a suit filed in the Bankruptcy Court for the District of Connecticut by plaintiff-appellant Orphia Sadie Wilson seeking to overturn a state court decision entered in favor of the defendant-appellee, Deutsche Bank National Trust Co. The defendant originally brought an action for strict foreclosure in the Connecticut Superior Court against Wilson on December 31, 2007, claiming that Wilson had defaulted on her mortgage loan. The defendant obtained a judgment of strict foreclosure for 23-25 Stone Street in Hartford, Connecticut from the Superior Court on May 5, 2008. Thereafter, Wilson filed a motion to open and vacate the judgment, arguing that the defendant was not the holder in due course of the note and did not have standing when it filed suit. When the Court denied that motion, Wilson filed an adversary proceeding in connection with her Chapter 7 voluntary bankruptcy petition in Bankruptcy Court for the District of Connecticut. The defendant moved for dismissal and the Bankruptcy Court (Dabrowsky, C.J.) granted the motion. Wilson filed this appeal.

A District Court reviews a Bankruptcy Court's conclusions of law *de novo* and its factual findings under a "clearly erroneous" standard. See Nat'l Union Fire Ins. Co. of Pittsburgh v.

Bonnanzio, 91 F.3d 296, 300 (2d Cir. 1996). In her claim before the Bankruptcy Court, Wilson argued that the defendant lacked standing to bring the initial foreclosure action in the Connecticut Superior Court. However, the Rooker-Feldman doctrine prohibits lower federal courts from sitting in direct review of a decision by the state court, unless Congress has specifically authorized such jurisdiction. See generally, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). As a result, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994), citing Feldman, 460 U.S. at 482 and Rooker, 263 U.S. at 416. In this federal case, Wilson challenged the defendant's standing during the state court proceeding. However, she already raised this argument when she unsuccessfully moved to open and vacate the judgment in the state case. Therefore, the dismissal by the Bankruptcy Court was proper.

Likewise, the Bankruptcy Court's decision to deny Wilson's motion for a stay was also correct. One of the factors to be considered by the Court on a motion to stay is whether the movant "has made a strong showing that he is likely to succeed on the merits." Hilton v. Braunskill, 481 U.S. 770, 776 (1987). As discussed above, Wilson's suit falls within the class of cases barred by the Rooker-Feldman doctrine. Therefore, she could not have made a showing of her likelihood of success on the merits.

**Conclusion**

For the foregoing reasons, the appeal [Dkt. # 1] is DENIED and the Clerk is directed to close this case.

So ordered this 20th day of April, 2010 at Hartford, Connecticut.

      /s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**